FILED
CLERK OF COURT

2012 MAR -2 PM 12: 44

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JAMES A. NOBLE, III, )<br><br>                 Plaintiff, )<br><br>        v. )<br><br>KIYOMI K. NOBLE, )<br><br>                 Defendant. ) | DOMESTIC CASE NO. DM0462-09<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 21st day of October, 2011, for hearing on Plaintiff's Motion to Bifurcate Trial and Vacate Order of Attorney's Fees. Attorney Jeffrey A. Cook represented the Plaintiff, and Attorney Thomas J. Fisher represented the Defendant. The Court now issues the following Decision and Order on the matter presented.

## DISCUSSION

A) Bifurcation of Trial

Rule 42(b) allows the trial court to conduct a separate trial of any claim, cross-claim, counter-claim, third-party claim, or issue in order to avoid prejudice, expedite the case, or further the court's goals of convenience and economy. GRCP Rule 42(b)(2012).

Because Rule 42(b) is directly derived from Rule 42(b) of the Federal Rules of Civil Procedure, federal cases interpreting the rule constitute highly persuasive authority in Guam. People v. Diaz, 2007 Guam 3, ¶14, n.4.

In order to justify bifurcation under Rule 42(b), the court need find only that one of the applicable criteria listed in the rule is met, either that bifurcation will be convenient, avoid prejudice, or will be conducive to expedition and economy. Saxion v. Titan-C-Manufacturing, Inc., 86 F.3d 553, 556 (6th Cir.1996); FDIC v. Selaiden Builders, Inc., 973 F.2d 1249, 1253 (5th Cir.1992), cert. denied, 507 U.S. 1051(1993); and MCI Communications Corp. v. American Telephone & Telegraph Co., 708 F.2d 1081, 1177 (7th Cir.1983), cert. denied, 464 U.S. 891(1983).

"[B]ifurcation under Rule 42(b) is appropriate where claims are factually interlinked, such that a separate trial may be appropriate, but final resolution of one claim affects the resolution of the other." Gaffney v. Riverboat Services of Indiana, Inc., 451 F.3d 424, 442 (7th Cir.2006). When the court is faced with a situation where final resolution of one claim affects the outcome of another claim in the case, in order to avoid unnecessary proceedings, the court has broad discretion to bifurcate trial to resolve potentially dispositive preliminary issues. Jinro America Inc. v. Secure Investments, Inc., 266 F.3d 993, 998 (9th Cir.2001); see also Anaeme v. Diagnostek, Inc., 164 F.3d 1275, 1285 (10th Cir.1999)(courts have broad discretion to bifurcate under Rule 42(b); Houseman v. U.S. Aviation Underwriters, 171 F.3d 1117, 1121 (7th Cir.1999)(bifurcation under Rule 42(b) is discretionary); Shetterly v. Raymark Industries, Inc., 117 F.3d 776, 782 (4th Cir.1997)(trial court has discretion to bifurcate trial); Bath and Body Works, Inc. v. Luzier Personalized Cosmetics, Inc., 76 F.3d 743, 747 (6th Cir.1996)(decision to bifurcate is within sound discretion of the court); and FDIC v. Selaiden Builders, Inc., 973 F.2d

1249, 1253 (5th Cir.1992), *cert. denied*, 507 U.S. 1051(1993)(trial court has broad discretion to bifurcate trial issues).

Plaintiff argues that bifurcation will achieve 1) convenience to the parties and the Court; and 2) the minimization of expense and delay; and therefore, Plaintiff claims that two of the criteria are met in this case.

The issue of the grounds for the divorce is not an issue that merits bifurcation in this case. Generally, "[i]t is enough that there be on the record at the time a substantial issue of fact which, if determined in favor of defendant, will eliminate expense for all concerned without prejudicing the rights of the parties." Rossano v. Blue Plate Foods, Inc., 314 F.2d 174, 176 (5th Cir.1963), *cert. denied*, 375 U.S. 866 (1963). Plaintiff argues that by providing the parties with a pre-determination of the grounds for the divorce, i.e., by informing the Plaintiff whether he may be entitled to less than 50% of the community assets, the parties may be more inclined to settle the matter or perhaps agree upon a valuation of the assets. The Court finds that the determination of the issue of the grounds for divorce should not affect the resolution of the independent question of property valuation in this case.

The determination of the percentage share of each party in the community assets of the marriage should have no bearing on the objective valuation of the property. In fact, the Court finds that the Plaintiff's argument that determination of the question of fault or no fault as grounds for the divorce will affect the independent and objective valuation of the property is an indication that a party may provide the Court with a subjective valuation of said property, depending upon the Court's determination of the grounds for dissolution of the marriage. It appears that should the Court beforehand provide the parties with a determination that any party may be entitled to more than half of the community property, the opposing party may be

encouraged to provide lesser valuations of the community property to the Court. Thus, the Court will not afford any party an opportunity to provide potentially subjective and strongly biased valuations to the Court by hearing these two issues separately. The Court finds that hearing these two issues together will minimize and eliminate the prejudicial effect of strongly subjective valuations, and therefore, the denial of the Plaintiff's motion for bifurcation will promote fairness and justice in this case.

B) Rule 60(b) Relief

Because only Rule 60(b) may be used to provide relief from an order, that rule provides the applicable standard for the current "Motion to Vacate Attorney's Fees."

GRCP 60(b) provides in relevant part:

> Mistakes, Inadvertence, Excusable Neglect, Newly Discovered Evidence, Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:(1) mistake, inadvertence, surprise, or excusable neglect;....(6) any other reason justifying relief from operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3) not more than one year after the judgment, order, or proceeding was taken.

GRCP Rule 60(b)(2012).

Rule 60(b)(1) grants a court the discretion to relieve a party from any order or proceeding for reason of mistake, inadvertence, surprise, or excusable neglect, provided that the party moves for relief within a reasonable time and not more than one year after the order was entered. Brown v. Eastman Kodak Co., 2000 Guam 30 ¶32 (citing Pioneer Investment Serv., Inc. v. Brunswick Assoc., 507 U.S. 380, 394 (1993)). Rule 60(b)(6) may be used to relieve a party from an order for any justifying reason which falls outside the scope of subsections one (1) through five (5), Pineda v. Pineda, 2005 Guam 10 ¶20, and Brown v. Eastman Kodak Co., 2000 Guam 30 ¶14. Motions made under subsection six (6) must be made within a reasonable

time after the order or judgment. GRCP Rule 60(b). In this case, Plaintiff's motion was filed on October 4, 2011, approximately 16 months or one year and four months after the entrance of the Court's June 2, 2010, oral order, made pursuant to the agreement of the parties on the record. The Court finds that the motion is therefore untimely under subsection one (1) of Rule 60(b); however, it may be timely under subsection six (6) if the Plaintiff can provide reasonable circumstances to the Court.

The Plaintiff asserts that relief from the June 2, 2010, order is warranted because the Defendant made a possible misrepresentation to the Plaintiff regarding the agreement, or that the Plaintiff harbored a misconception about the agreement.

The Supreme Court of Guam has observed that "Rule 60(b)(6) 'provides for extraordinary relief and requires a showing of exceptional circumstances.'" Parkland Development, Inc. v. Anderson, 2000 Guam 8 ¶7 (citing Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 609 (7th Cir. 1986)); see also Merchant v. Nanyo Realty, 1998 Guam 26 ¶ 9; and United States v. Alpine & Reservoir Co., 984 F.2d 1047 (9th Cir.1993). Accordingly, the Plaintiff must show extraordinary or exceptional circumstances to receive relief under Rule 60(b)(6), and must provide facts or circumstances to show that the motion was brought within a reasonable time.

More importantly, the Plaintiff is asking the Court to rescind the parties' agreement. Whether the Court revokes its order, the agreement of the parties may still constitute a binding and valid contract between the parties, enforcement of which may be sought by the Defendant. Accordingly, the Plaintiff must show that the agreement is invalid in order for the Court to provide the full relief Plaintiff seeks. 18 GCA §§ 89202 and 89203; *see also* 20 GCA §§3240 and 3241 (2012) (regarding rescission of written agreements).

In this case, the Plaintiff has moved the Court for relief from the order and his agreement, made on the record, but has failed to provide the Court with any evidence of a basis for the relief. It is the Plaintiff's burden to prove a basis for rescission of the agreement, and thereupon, extraordinary circumstances which would provide relief from the order

The lone statement upon which the Plaintiff bases his motion is contained within the text of the Plaintiff's Motion to Vacate Attorney's Fees, and states, "Based on a meeting the parties had before said hearing, Plaintiff and his counsel mistakenly believed that Defendant had agreed that there would be an equal division of the community property and how it should be divided equally between the parties." Motion to Vacate Attorney's Fees, pp. 2--3, filed October 4, 2011. This statement declares facts before the Court, but is unsworn, and is not declared true under penalty of perjury. See 6 GCA §§ 7302 and 4308. More importantly, the statement is only included in a motion and the motion is signed only by Plaintiff's counsel. No declaration of the Plaintiff or any other person is attached to the motion in order to establish evidence of a mistake or extraordinary circumstances. The arguments of counsel, as stated in a motion, are not evidence. Monolithic Power Systems, Inc. v. O2 Micro Intern., Ltd., 558 F.3d 1341, 1350 (9th Cir. 2009) (attorney's arguments cannot substitute for actual evidence); Stringer v. St. James R 1 School Dist., 446 F.3d 799, 802 (8th Cir. 2006); Johnston v. IVAC Corp., 885 F.2d 1574, 1581 (Fed. Cir. 1989); see also Seung Ok Lee v. Ki Pong Na, 198 S.W.3d 492, 495 (Tex.App.2006)(attorney statements cannot provide an evidentiary basis for facts in a divorce case); and Wolcott v. Wolcott, 687 P.2d 100, 103–104 (N.M.App.1984). Accordingly, the statement of the Plaintiff's attorney in the motion is not sufficient to establish a mistake regarding the parties' agreement or extraordinary circumstances. Further, the Plaintiff provides

no evidence to show that the motion was brought within a reasonable time. Accordingly, the motion is denied for the Plaintiff's failure to prove a factual basis for the motion to the Court.

## CONCLUSION

After considering the motion, the Court finds that the valuation of separate and community property in this case will not be changed or affected by the grounds for divorce. Based upon the foregoing, the Motion for Bifurcation is DENIED. The Plaintiff's Motion to Vacate Order of Attorney's Fees (i.e., the motion for Rule 60(b) relief) is also DENIED at this time; however, the Plaintiff is GRANTED LEAVE to re-file this motion to vacate the parties' agreement and the order based thereon, upon a showing of a proven factual basis for rescission, which constitutes extraordinary circumstances, and which shows that the motion was made within a reasonable time frame under Rule 60(b)(6). Should the Plaintiff wish to re-file, the motion shall be filed on or before **April 2, 2012**. Thereupon, briefing shall occur as contemplated in Rule CVR 7.1 of the Local Rules of the Superior Court of Guam. As this motion is not dispositive and is not related to the substance of the underlying action, filing and briefing of this motion shall not affect the timing of trial in this matter.

**IT IS SO ORDERED** this MAR 0 2 2012 _____.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam